IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

VS.                                    CRIMINAL ACTION NO. 2:03cr13-KS-RHW
                                       CIVIL ACTION NO. 2:05cv290

JAMES PRENTISS MYRICK

ORDER

     This cause is before the Court on Motion to Vacate filed by James P. Myrick requesting this Court to vacate his sentence for the reason that it is an unconstitutionally imposed sentence. Petitioner alleges that enhancements were used that were neither admitted by the Petitioner nor presented by the Government during the change of plea hearing and that Petitioner's Sixth Amendment Right was violated by same. The Petitioner states that the issue was not available at the time of the Petitioner's conviction and sentence and therefore, the one year bar is not applicable. The Court after reviewing the petition, court file and applicable documents, finds that the motion is not well taken and should be **denied** for the following reasons.

FACTUAL BACKGROUND

     The Petitioner was convicted of Possession With Intent to Distribute methamphetamine. The judgment and sentence were pronounced September 10, 2003. The Motion to Vacate under 22 U.S.C. § 2255 was filed June 29, 2005.  The motion is based on the proposition that the Petitioner's Sixth Amendment right was violated because enhancements imposed by the Federal Sentencing Guidelines were used to impose his sentence and that the enhancements were never presented by the Government to the jury nor admitted by the Petitioner.  What the Petitioner is

trying to do is have the *Booker-Fanfan*[1] decisions applied retroactively.  Under the provisions of

28 U.S.C. § 2255 the Petitioner must show:

> (1) Newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) A new rule of Constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable....

The Petitioner must make a prima facie showing that his claim relies on a new rule of

Constitutional law, "made retroactive to cases on collateral review by the Supreme Court..." 28

U.S.C. § 2255.

The Fifth Circuit has clearly spoken to this issue.

> In *Tyler* the Supreme Court held that, in the context of a successive habeas petition, a "new rule 'is not made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."  *Tyler* 533 U.S. at 663, 121 S.Ct. 2478.  "The Supreme Court is the only entity that can make a new rule retroactive. The new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court in the lower courts, but simply by the action of the Supreme Court." Id.
>
> Under the *Tyler* analysis, it is clear that *Booker* has not been made retroactive to cases on collateral review by the Supreme Court. The Supreme Court did not hold in *Booker* nor has the Court done so in any case since *Booker.*  The same is true with respect to *Apprendi*[2] *and Blakely.*[3]  In fact, in *Booker*, the Court expressly held that both the Sixth Amendment holding and its remedial interpretation apply "to all cases on direct review." 125 S.Ct. at 769. The Court could have, but did not, make any reference to cases on collateral

---

[1] U.S.A. v. *Booker v. Fanfan*, 543 U.S. 220, 125 S. Ct. 738 (2005)

[2] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed. 2d 435 (2000)

[3] *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L.Ed. 2d 403 (2004)

review....

The Supreme Court has not made *Booker* retroactive to any cases on collateral review.

Therefore, we join our sister circuits and hold that *Booker* does not apply retroactively on collateral review for purposes of successive § 2255 motion.  In Re *Elwood* 408 F.3d 211.

For the reasons above described the Motion to Vacate is hereby **overruled.**   A separate judgment will be entered herein in accordance with this order as required by Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 27th  day of April, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE